**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4756

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FLOYD HAYES,

Defendant - Appellant.

No. 06-4757

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FLOYD HAYES,

Defendant - Appellant.

No. 06-4758

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FLOYD HAYES,

                              Defendant - Appellant.

————————————————

**No. 06-4759**

————————————————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

         versus

FLOYD HAYES,

                              Defendant - Appellant.

————————————————

Appeals from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge.  (1:04-cr-00243-JAB; 1:04-cr-00244-JAB; 1:04-cr-00367-JAB; 1:05-cr-00192-JAB)

————————————————

Submitted: November 8, 2006       Decided: November 30, 2006

————————————————

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

————————————————

Affirmed by unpublished per curiam opinion.

————————————————

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

————————————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

- 2 -

PER CURIAM:

In these consolidated appeals, Floyd Hayes pled guilty to several offenses arising from two North Carolina bank robberies. The district court sentenced Hayes under the advisory sentencing guidelines to 272 months' imprisonment, or the low end of the guidelines. Hayes claims that because we review sentences within the guidelines as presumptively reasonable, the guidelines are per se mandatory and our review is unconstitutional. Hayes further claims his sentence is unreasonable. Finding no error, we affirm.

We review a post-United States v. Booker, 543 U.S. 220 (2005), sentence "to determine whether the sentence is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006) (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439). While a district court must consider the various § 3553(a) factors and explain its sentence, it need not explicitly reference § 3553 or discuss every factor on the record.

<u>Johnson</u>, 445 F.3d at 345. This is particularly the case when the court imposes a sentence within the applicable guideline range. <u>Id.</u> One reason a sentence within an advisory range is presumptively reasonable is that the most salient § 3553(a) factors are already incorporated into guideline determinations. <u>Id.</u> at 342-43. A sentence falling outside the guidelines is not presumptively unreasonable. However, if the sentence was based on an error in construing the guidelines or if the court provided an inadequate statement of reasons or improper factors, it will be found unreasonable. <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006). When a variance is justified by reasons tied to § 3553(a), it will be found reasonable. When a variance from the guidelines is substantial, we will more carefully scrutinize the reasoning. The further the sentencing court diverges from the guidelines, the more compelling the reasons for the divergence must be. <u>Moreland</u>, 437 F.3d at 434.

We find no merit to Hayes' claim that our standard of review renders the sentencing guidelines per se mandatory. We further find Hayes failed to rebut the presumption of reasonableness.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.